**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOBY FRAIRE, | ) Case No. CV 15-2157-DSF (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| T. PEREZ, Warden, | ) |
| Respondent. | ) |

    On March 23, 2015, Petitioner filed a "Motion for Modification of Sentence"/Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner challenges only the state trial court's restitution order and relies exclusively on state law.

    Petitioner's restitution claim is not cognizable on federal habeas review because it does not challenge the validity or duration of his confinement. See United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002) (holding under 28 U.S.C. § 2255 that claims challenging restitution not cognizable on federal habeas review because they are unrelated to validity or duration of confinement); Bailey v. Hill, 599 F.3d 976, 984 (9th Cir.

2010) (applying <u>Theile</u> to § 2254 petition challenging only restitution).¹

IT THEREFORE IS ORDERED that on or before **April 27, 2015**, Petitioner show cause in writing, if he has any, why the Court should not dismiss this action because it is not cognizable on federal habeas review. Petitioner is advised that his failure to timely comply with this Order may result in his Petition being dismissed for the reasons stated herein and for failure to prosecute.

DATED: March 26, 2015

_____
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

¹The Petition may well be time barred, too. Although Petitioner states that his Petition for Review was denied by the California Supreme Court in March 2014 (Pet. at 3), the attached order shows that the supreme court was ruling on a habeas petition, not a petition for review. Petitioner was apparently convicted of murder in 2001 (Pet. at 2), and the California Supreme Court denied his Petition for Review in December 2002. See <u>People v. Fraire</u>, No. B156882, 2002 WL 1904429 (Ct. App. Aug. 20, 2002), <u>review denied</u>, No. S110993 (Cal. Dec. 11, 2002). Thus, the AEDPA one-year limitation period apparently ran long ago. If Petitioner satisfactorily responds to this Order to Show Cause, the Court will require him to demonstrate the timeliness of the Petition before it will reach its merits.